# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER, | CASE NO.    1:10-cv-00951-MJS (PC) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HER DESIRE TO PROCEED ONLY ON HER COGNIZABLE CLAIM |
| v. | |
| DR. S. HEYNE, et al., | |
| Defendants. | (ECF No. 1) |
| | PLAINTIFF'S RESPONSE DUE WITHIN THIRTY (30) DAYS |

_____/

**SCREENING ORDER**

## I.    PROCEDURAL HISTORY

On May 27, 2010, Plaintiff Cecilia Fraher, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 6.)  Plaintiff's Complaint is now before the Court for screening.

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief

1
2
3
4
5
6
7
8
9

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

10
11
12
13
14
15

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

16

**III.    SUMMARY OF COMPLAINT**

17
18
19
20

The Complaint alleges the following Central California Women's Facility ("CCWF") officials violated Plaintiff's Eighth Amendment rights: (1) Dr. S. Heyne, Chief Medical Officer; (2) Dr. Mitchell; and (3) R.N. Le.

21

Plaintiff alleges the following:

22
23
24
25
26
27

Plaintiff received a partial heart transplant in 1998.  She is dependent on a pacemaker for proper heart function.  After the transplant, "any infection, including dental, posed a serious risk to [Plaintiff's] health and safety." (Compl. at 3.)  Upon entering CCWF Plaintiff was examined by CCWF medical staff and informed them of her condition.  Over the past seven years, she has signed no less than 30 medical record request forms in an

2

1    effort to obtain an account of the 1998 surgery.  (Id.)

2        On April 18, 2009, Plaintiff began complaining of: "night fever/sweats, severe

3    back/neck pain, loss of energy, difficulty breathing, and a dry cough."  Plaintiff informed

4    Defendant Le of her symptoms on four separate occasions between April 18, 2009 and

5    July 18, 2009.  "Each time, R.N. Le informed [Plaintiff] that, in spite of a full hysterectomy

6    (1994), she was experiencing 'hot flashes due to menopause.'  Upon discovering blood in

7    her urine, [Le] argued 'she's probably on her period.'"  (Id.)  Plaintiff was then "seen by Dr.

8    Mitchell who discussed, at length, [Plaintiff]'s medical history, but twice refused a swine flu

9    test, stating her fever wasn't high enough."  (Id.)  Plaintiff filed inmate appeals complaining

10   of her treatment.  Dr. S. Heyne "knew of and signed all institutional appeals submitted by

11   plaintiff in an effort to obtain treatment."  (Id.)

12

13       On July 18, 2009, Plaintiff was admitted to Madera Community Hospital's Intensive

14   Care Unit in critical condition.  She was then "transported to UC Davis for emergency open

15   heart surgery to repair and replace valves shredded by an infection of 'unknown origin.'"

16   (Id.)

17

18       Plaintiff's heart condition and the unique consequences of her contracting an

19   infection were documented and known to each Defendant.  The "infection destroyed 3

20   heart valves which then pumped blood/fluid into her lungs, virtually drowning [Plaintiff]

21   during the 12 weeks she remained untreated."  (Id.)

22

23       Plaintiff asserts that the Defendants either provided, or, in Dr. S. Heyne's case,

24   approved medical treatment so deficient that it violated Plaintiff's Eighth Amendment right

25   to adequate medical care.  (Id.)

26   ///

27

**IV.**   **ANALYSIS**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Plaintiff claims that she received inadequate medical care in violation of the Eighth Amendment.  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2)

4

"the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).   The complete denial of medical attention may constitute deliberate indifference.   Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).   Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.   Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).   Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. McGuckin, 974 F.2d at 1060.   In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ."   Farmer v. Brennan, 511 U.S. 825, 837 (1994).   '[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.'"   Turner v. Greenman, 2011 WL 1343120, *3 (E.D. Cal. Apr. 7, 2011) (quoting Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.   Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."   Estelle, 429 U.S. at 106.   The Ninth Circuit has held that

mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). To state an Eighth Amendment claim in this case, Plaintiff must show that the "course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course of treatment in conscious disregard of an excessive risk to [Plaintiff's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

## A.   Serious Medical Need

Plaintiff alleges that she experienced "flu-like symptoms" and that she had a pre-existing heart condition that rendered any infection "a serious risk to her health and safety." (Id.) Plaintiff has adequately alleged that she had a serious medical need and therefore satisfies the first element of her Eighth Amendment claim as to all the Defendants. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

## B.   Deliberate Indifference

The Complaint alleges sufficient facts to satisfy the second element of Plaintiff's Eighth Amendment claim against Defendant Le only; Plaintiff's claims against Defendants Mitchell and Heyne lack sufficient facts to establish deliberate indifference.

The factual allegations as to Defendant Le allege medically unacceptable diagnoses and conscious disregard of an excessive risk to Plaintiff's health. The Complaint alleges

that Defendant Le (as well as Defendant Mitchell) was aware that Plaintiff's heart condition mandated extra care to avoid infection. "Both [Defendants] had documentation and knowledge of [Plaintiff's medical condition and history and were aware that any infection, including dental, posed a serious risk to her health and safety." (Compl. at 3.)

Plaintiff complained of her symptoms, which included blood in her urine on at least one occasion, to Defendant Le on four separate occasions. Le diagnosed "'hot flashes due to menopause'" and blood as a product of menstruation even though Plaintiff's earlier hysterectomy made such diagnoses highly unlikely.

Le's failure to at least initiate steps, in light of Plaintiff's heart condition, to discover the cause of Plaintiff's infection is sufficient to support a claim that Le deliberately disregarded an excessive risk to Plaintiff's health. McIntosh, 90 F.3d at 332. Thus, Plaintiff states a cognizable Eighth Amendment claim against Defendant Le.

Plaintiff fails to adequately allege that Defendant Mitchell was deliberately indifferent. Defendant Mitchell saw Plaintiff in response to Plaintiff's appeals regarding the care provided by Le. Dr. Mitchell discussed her condition but did not test or treat Plaintiff for infection. (Compl. at 3.) Plaintiff alleges that Mitchell refused to test Plaintiff for swine flu because her fever was not high enough. Dr. Mitchell's medical opinion that Plaintiff's fever was not high enough to justify testing for swine flu cannot be the basis for an Eighth Amendment claim without facts alleging that the opinion was medically unacceptable under the circumstances. Turner, 2011 WL at *3. Plaintiff alleges no such facts. Plaintiff also generally alleges that Mitchell should have taken some action to discover an infection, swine flu or otherwise, based on Plaintiff's symptoms. Dr. Mitchell eventually ordered the chest x-ray that discovered a need for surgery, but according to Plaintiff delay in ordering

7

an x-ray allegedly caused Plaintiff harm.  As pled, the Court cannot say that Dr. Mitchell acted with deliberate indifference.  Plaintiff does not provide enough information to determine precisely what Plaintiff told Dr. Mitchell when and what treatment he provided and when.

Should Plaintiff chose to amend her claim against Dr. Mitchell, she must explain the dates Dr. Mitchell saw Plaintiff, what Dr. Mitchell knew at each appointment, and what treatment was provided.  Plaintiff must also explicitly identify the period of delay in treatment.

The Complaint also fails to establish that Dr. Heyne acted with deliberate indifference.  Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff alleges that Dr. Heyne knew of and signed inmate appeals submitted by

Plaintiff requesting adequate medical care.   (Compl. at 3.)   The Complaint lacks information as to what was reflected in the appeals and the Court can not tell what Dr. Heyne knew and what medical care he allegedly endorsed when he signed Plaintiff's inmate appeals.  In order to state a claim against Dr. Heyne in his role as the Chief Medical Officer, Plaintiff must provide additional facts showing that Dr. Heyne knew of medical care violations and failed to act to prevent them.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint states a claim against Defendant Le for the violation of Plaintiff's rights under the Eighth Amendment, but does not state a claim against any of the remaining Defendants.   The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on her cognizable claim, Plaintiff may so notify the Court in writing, and the Court will recommend that her other claims be dismissed.  Plaintiff will then be provided with a summons and USM-285 form for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Le.

If Plaintiff opts to amend, her amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Further, Plaintiff may

not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading."   Local Rule 220.   Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Within thirty (30) days, Plaintiff must either:

        a.     File an amended complaint curing the deficiencies identified by the Court in this order, OR

        b.     Notify the Court in writing that she does not wish to file an amended complaint and is willing to proceed only on her cognizable claim; and

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.


IT IS SO ORDERED.


Dated:   __October 31, 2011__          ___/s/ _Michael J. Seng___

ci4d6                                              UNITED STATES MAGISTRATE JUDGE

10