UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER,<br><br>          Plaintiff,<br><br>   v.<br><br>DR. S. HEYNE, et al.,<br><br>          Defendants.<br>_____/ | CASE NO.   1:10-cv-0951-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REGARDING MAIL INTERFERENCE<br><br>(ECF No. 22) |

Plaintiff Cecilia Fraher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the Magistrate Judge handling all matters in this action.  (ECF No. 6.)

Before the Court is Plaintiff's "motion to submit evidence of institutional interference in Plaintiff's access to the court."  (Mot., ECF No. 22.)  It is unclear if Plaintiff is asking simply to submit evidence to the Court or if she also wishes to move for injunctive relief.  The Court will apply the standards for both to Plaintiff's motion.

**I.     MOTION TO SUBMIT EVIDENCE**

The Court has not yet authorized Plaintiff's Complaint to be served.  No opposing parties have appeared in the action.  There is nothing pending in this matter that would call for evidence to be filed with the Court.

The Court cannot serve as a repository for the parties' evidence (i.e., medical records, declarations, etc.).  Plaintiff, and any other parties who may appear in this action, may not file evidence with the Court until the course of litigation brings the evidence into

question (for example, on a motion for summary judgment, at trial, or when requested by the Court).

Accordingly, to the extent Plaintiff seeks to submit evidence via her motion, the motion is DENIED.

## II.     MOTION FOR INJUNCTIVE RELIEF

It may be that Plaintiff is asking the Court to grant her injunctive relief in connection with alleged mail interference at Central California Women's Facility.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff 'must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Plaintiff's is proceeding on an Eighth Amendment inadequate medical care claim; that claim is the one which presents the controversy pending before the Court. (ECF No. 14.) No order relating to mail interference at Plaintiff's institution would remedy the wrong for which Plaintiff seeks relief in this action . The Court therefore lacks jurisdiction to issue the order sought by Plaintiff.

Accordingly, to the extent Plaintiff is requesting injunctive relief, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   June 14, 2012              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE