UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER, | CASE No. 1:10-cv-0951-LJO-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT |
| v. | (ECF No. 26) |
| DR. S. HEYNE, et al. | |
| Defendants. | |

I.  **PROCEDURAL HISTORY**

Plaintiff Cecilia Fraher ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on May 27, 2010. (Compl., ECF No. 1.) The Court screened Plaintiff's initial Complaint and ordered Plaintiff to either file a new complaint or notify the Court if she was willing to proceed on her cognizable claim. (ECF No. 8.) Plaintiff filed a First Amended Complaint which the Court dismissed for failure to state a claim, but gave leave to amend. (ECF Nos. 9 & 10.) Plaintiff filed a Second Amended Complaint. (Am. Compl., ECF No. 13.) The Court found that Plaintiff's Second Amended Complaint

-1-

stated a claim under the Eighth Amendment to the United States Constitution against Defendants Le and Mitchell for failing to provide her with adequate medical care. (ECF No. 14.) The Court directed these Defendants be served. (ECF No. 16.) Defendants Le and Mitchell have since filed an Answer and this matter is currently proceeding through discovery. (ECF Nos. 25 & 28.)

On June 28, 2012, Plaintiff filed a motion to further amend the Second Amended Complaint and sue Defendants in their individual and official capacities. (ECF No. 26.) Defendants have not objected to Plaintiff's motion. It is now before the Court.

## II.     LEGAL STANDARD

Plaintiff has amended once as a matter of course and therefore, he must obtain leave of court to amend. Fed. R. Civ. P. 15(a). Rule 15 provides that "courts should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Public policy strongly encourages courts to permit amendments and the policy favoring leave to amend is applied with extreme liberality. Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008) (quotation marks omitted); also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

In determining whether to grant leave to amend, courts generally consider four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. In re Korean Airlines Co., Ltd., 642 F.3d 685, 701 (9th Cir. 2011) (citing Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)) (quotation marks omitted); also Foman v. Davis, 371 U.S. 178, 182 (1962); Waldrip, 548 F.3d at 732; AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Eminence Capital, LLC, 316 F.3d

at 1052. Prejudice to the opposing party carries the greatest weight, and absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend. Eminence Capital, LLC, 316 F.3d at 1052 (quotation marks omitted).

### III.    FUTILITY OF AMENDMENT

It is well-established that the Court may deny leave to amend if amendment would be futile. Serra v. Lapin, 600 F.3d 1191, 1200 (9th Cir. 2010); Gardner v. Martino, 563 F.3d 981, 990-92 (9th Cir. 2009); Deveraturda v. Globe Aviation Security Services, 454 F.3d 1043, 1046 (9th Cir. 2006); Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004); Saul v. U.S., 928 F.2d 829, 843 (9th Cir. 1991). Evaluating whether a proposed amendment is futile requires the Court to determine whether the amendment would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and in making this evaluation, the Court is confined to review of the proposed amended pleading. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988); Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009).

Here, Plaintiff asks that she be allowed to amend her Second Amended Complaint so that she can bring suit against Defendants in their individual and official capacities said capacity being left unspecified in her Second Amended Complaint. However, the Court has allowed Plaintiff to proceed against Defendants in their unofficial capacities and to seek monetary relief from them under 42 U.S.C. § 1983. Suing them in their official capacities would add nothing because "[a] state and its officials acting in their official capacities are not considered 'persons' within the meaning of § 1983" and so cannot be held liable under the statute for money damages. Bank of Lake Tahoe v. Bank of Amer., 318 F.3d 914, 918

(9th Cir. 2003) (citing Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 535 U.S. 613, 617 (2002)).  Plaintiff has no viable claim for monetary relief against Defendants as state actors in their official capacities.  Thus, amendment would be futile.  The motion to amend shall be denied.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, the Court finds that Plaintiff's proposed amendment is futile.  Plaintiff's motion to amend should be denied and this action shall continue to proceed on the Second Amended Complaint.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to amend, filed on June 28, 2012, is DENIED.

IT IS SO ORDERED.

Dated:     January 30, 2013            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE