UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER, | CASE No. 1:10-cv-0951-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| v. | |
| DR. S. HEYNE, et al., | (ECF No. 27) |
| Defendants. / | FOURTEEN (14) DAY DEADLINE |

I.  **PROCEDURAL HISTORY**

Plaintiff Cecilia Fraher ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on May 27, 2010.  (Compl., ECF No. 1.)  The Court screened Plaintiff's initial Complaint and ordered Plaintiff to either file a new complaint or notify the Court if she was willing to proceed on her cognizable claim. (ECF No. 8.) Plaintiff filed a First Amended Complaint which the Court dismissed for failure to state a claim, but gave leave to amend. (ECF Nos. 9 & 10.) Plaintiff filed a Second Amended Complaint. (Am. Compl., ECF No. 13.) The Court found that Plaintiff's Second Amended Complaint

-1-

stated a claim under the Eighth Amendment to the United States Constitution against Defendants Le and Mitchell for failing to provide her with adequate medical care. (ECF No. 14.) The Court directed these Defendants to be served. (ECF No. 16.) Defendants Le and Mitchell have since filed an Answer and this matter is currently proceeding through discovery. (ECF Nos. 25 & 28.)

Plaintiff has filed a motion for a preliminary injunction, requesting that she be allowed to see a cardiologist and be provided with an egg crate mattress. (Pl.'s Mot., ECF No. 27.) Defendants have filed opposition. (Defs.' Opp'n, ECF No. 29.) Plaintiff filed a "Clarification of Issues in Response to Opposition" (ECF No. 30) and an addendum (ECF No. 31). These documents appear to be Plaintiff's reply to Defendants' opposition. Plaintiff's motion is now ready for ruling pursuant to Local Rule 230(l).

## II.  SUMMARY OF CLAIMS AND APPLICATION

Plaintiff alleges that she received a "homo-graphic" heart transplant and has been classified as a "high risk chronic care patient." (Am. Compl. at 7.) In April 2009, Plaintiff informed Defendant Mitchell that she had difficulty breathing, a dry cough, back/shoulder pain, night fevers and loss of appetite. (Id. at 5.) Even though Plaintiff informed Defendant Mitchell about her previous medical issues, including her hysterectomy, Defendant Mitchell only talked about unrelated medical issues with Plaintiff and prescribed cough medication. (Id. at 5.)

Plaintiff saw Defendant Le on several occasions in 2009. (Am. Compl. at 5.) Plaintiff also informed Defendant Le about her prior medical conditions but Defendant Le refused to issue an emergency referral and insisted that Plaintiff was going through menopause. (Id. at 5.)

Plaintiff met with Defendant Mitchell in June 2009 and informed the Defendant that her symptoms had worsened. (Am. Compl. at 5.) Defendant Mitchell directed Defendant Le to conduct a urinalysis which led to the discovery of blood in Plaintiff's urine. (Id.) Defendant Le again suggested that the blood was menstrual even though Plaintiff had undergone a hysterectomy. (Id.) Defendant Mitchell prescribed antibiotics and a follow-up appointment. (Id.)

The prescribed medication was ultimately exhausted and Defendant Mitchell did not keep the follow-up appointment. (Am. Compl. at 5.) Plaintiff filed an inmate appeal and Defendant Mitchell saw her in response to the appeal. (Id.) Plaintiff asked for various types of care, some of which was approved by Defendant Mitchell. (Id..)

In July 2009 Plaintiff fainted in her cell and had to be taken to a local hospital for treatment. (Am. Compl. at 5.) Defendant Mitchell reviewed Plaintiff's x-rays and found that no follow-up care was required. (Id. at 5.) Plaintiff was seen by non-prison doctors and transferred to University of California at Davis for emergency open-heart surgery. (Id. at 5-6.) On August 3, 2009, surgeons at the University of California at Davis treated Plaintiff for the damage caused by an unknown infection. (Id. at 6.) The infection treated by the surgeons was the same condition that Defendants Mitchell and Le had failed to treat. (Id.)

The Court ultimately found that Plaintiff had stated a cognizable Eighth Amendment medical care claim against Defendant Le for allegedly choosing a medically unacceptable course of treatment in conscious disregard of an excessive risk to Plaintiff's health. (ECF No. 14 at 9.) The Court also found that Plaintiff stated a cognizable Eighth Amendment medical care claim against Defendant Mitchell for failing to properly treat her after June 2009 by allegedly knowing and disregarding an excessive risk to Plaintiff's health. (Id. at

10.)

Plaintiff now asks that she be allowed to see a medical specialist and be provided with an egg crate mattress. (Pl.'s Mot. at 1.)

### III.   LEGAL STANDARD FOR INJUNCTIVE RELIEF

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009), quoting Winter, 555 U.S. at 20. An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Injunctive relief is to be granted "sparingly, and only . . . in clear and plain case[s]." Rizzo v. Goode, 423 U.S. 362, 378 (1976).

### IV.   ANALYSIS

#### A.   **Plaintiff Establishes No Irreparable Harm or Other Grounds for Relief**

Plaintiff fails to establish that Defendants' care and treatment is causing her irreparable injury or that the relief sought here would ameliorate otherwise irreparable injury.

-4-

Plaintiff alleges that she has not been allowed to see a specialist or provided with an egg crate mattress. (Pl.'s Mot. at 1) However Defendants allege that Plaintiff was allowed to see a specialist two days before she filed her motion and that under prison policy Plaintiff cannot be provided with an egg crate mattress for her specific medical conditions. (Defs.' Opp'n at 4-5.) Plaintiff does not substantively contest either of these representations. Plaintiff concedes that she saw a cardiologist right before this motion was filed. (Pl.'s Reply, ECF No. 30 at 3.) She fails to explain why not having an egg crate mattress at this time places her in danger. (Id. at 2.)

Plaintiff has failed to demonstrate she is likely to suffer irreparable harm in the absence of preliminary relief. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.")

Even if Plaintff were to succeed on the merits in her substantive case, that success would not produce or justify the relief sought here.

Plaintiff's failure to show irreparable harm leaves nothing to tip the balance of equities in her favor.

Nothing presented here suggests that an injunction would be in the public interest. Absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons.)

-5-

Plaintiff not having met any of the criteria justifying injunctive relief, her request for same should be denied

## V.   CONCLUSIONS AND RECOMMENDATION

Plaintiff fails to provide facts which would enable the Court to find that she is in need of and entitled to injunctive relief. Accordingly, for the reasons stated above the Court RECOMMENDS that Plaintiff's motion for a preliminary injunction be denied (ECF No. 27) be DENIED without prejudice.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 30, 2013           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE